Dear Mr. Wiley:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Lafourche Basin Levee District (LBLD) in regard to cooperative endeavors permitted under R.S.38:325(A)(5).
R.S. 38:325, entitled "Scope of Activities", provides as follows:
 A. Levee boards shall engage in any activities related directly to: (1) Flood protection. (2) Construction and maintenance of levees. (3) Construction of recreational facilities which are located on or immediately adjacent to levees, except the Orleans Levee District shall not be limited to the construction of recreational facilities located on or immediately adjacent to levees. (4) Maintaining, updating, renovating, or modernizing existing recreational and other facilities owned by the district. (5) Cooperative activities with other public bodies for public purposes.
 B. Levee and drainage boards, in addition to those activities provided for levee boards shall engage in activities related directly to drainage.
 C. (1) The contents of this Chapter notwithstanding, nothing shall preclude the construction of improvements and facilities, public or private, within an airport area to provide activities, businesses, and additionally any other revenue-generating functions which can be dedicated to public use and self-sufficiency of the enterprise as an entity.
 (2) However, nothing in this Chapter shall be construed to in any way limit, restrict, inhibit, or alter the full and exclusive right, jurisdiction, power, and authority of the Orleans Levee District as granted in R.S. 38:307, 335, and 336, or of the Lafourche Basin Levee District as granted in R.S. 38:334.
 (3) Nothing contained herein shall be construed to limit, alter, or repeal the requirement that certain lands under the jurisdiction of the Orleans Levee District be utilized for public parks, playgrounds, and beach purposes.
Based upon this statute you note that the levee board's activities are specifically limited, and you feel that the cooperative activities allowed under A(5) must fit within the scope of activities allowed under A(1) through A(4). You maintain if the statute is interpreted to provide for levee boards to engage in cooperative activities with public bodies for any public purposes the levee boards would be inundated with requests for construction or maintenance service far broader than flood protection or drainage. Accordingly, you state a request for assistance from a public body would be denied by the Levee District if the requested work did not relate to either flood protection, construction and maintenance of levees, construction or maintenance of recreational facilities located on or adjacent to levees, or activities related directly to drainage as set forth in paragraph (B).
You then state as follows:
 For example, the levee board has a fleet of mowing equipment and operators for maintaining levees within the district. Could the LBLD grant a request from a city within the district to cut grass on a right-of-way along a city street? Also, the levee board employs mechanics to maintain its fleet of mowing and miscellaneous construction equipment. Could it grant a request from a school board to maintain school buses? Would the LBLD grant a request from a school board to use LBLD labor, equipment, and materials to install and spread fill material to construct a parking lot on school board property? In any of these examples, if the statute allows such activities, should the work be done on a cost reimbursable basis where the requesting public body transfers funds to the LBLD for its labor, equipment and material costs? If so, would indirect costs such as supervision be reimbursable?
In conclusion you state that it appears if the Levee District does not require reimbursement for all costs associated with the project performed in cooperation with a public body, then there would be a prohibited donation in violation of the Louisiana Constitution.
We agree with your observation that the cooperative activities must fit within the scope of activities allowed under R.S.38:325, and if not there would be a prohibited donation. A statute cannot permit a cooperative endeavor beyond that provided in the Louisiana Constitution. With reliance upon City of PortAllen v. Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983), this office has recognized that Art. VII, Sec. 14 La. Const., would be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so.
In Atty. Gen. Op. No. 90-206 this office stated as follows:
 The threshold requirement for the transfer of public funds from one political subdivision to another is that the transfer not be gratuitous and must be supported and justified by a legal obligation. Parishes have a legal obligation to provide adequate levees, LSA-R.S. 33:1236 (2)(a), and the Atchafalaya Basin Levee District has an obligation to provide financial support for such work * * *. Therefore, there is an underlying legal obligation for flood control for the District to transfer funds (rather than expending the funds itself for dedicated purposes) to Terrebonne and Lafourche Parishes for flood control works specified in R.S. 38:331, R.S. 33:333D and R.S. 33:334 respectively, if there is a cooperative endeavor. City of Port Allen, Louisiana v. Louisiana Municipal Risk Management Agency, Inc., et al, 439 So.2d 399 (La. 1983).
 In addition to this predicate requirement, the intended expenditure of the transferred funds must be for a public purpose, and must create a public benefit proportionate to the cost. These two additional criteria for the application of Art. VII, Sec. 14C are presumed to exist where the underlying legal obligation is created by the constitution or statutes.
Therefore, we must conclude that the levee board could not cut grass along a city street, have its mechanics maintain school buses or have its employees install and spread material for construction on school board property since there is no underlying legal obligation on the Levee District to do such work. It is not sufficient that the work be for a public benefit.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General